In the Matter of FRANK ELTON, Petitioner, against CHARLES G. COSTER et al., Constituting the Temporary City Housing Rent Commission of the City of New York, Respondents.

Supreme Court, Special Term, Kings County, July 18, 1949.

*Irving T. Goldberg* for petitioner.

*Nathan W. Math* for respondents.

DI GIOVANNA, J. Motion for review of an order of the temporary city housing rent commission which denied an application for eviction of a tenant.

The petitioner and his wife purchased the premises in question on September 2, 1948, for $5,700, subject to a first mortgage in the sum of $2,800 and subject to a second mortgage in the sum of $2,310. He paid to the seller the sum of $590. At the time of purchase the assessed valuation was $8,500.

The equity of the seller over and above the mortgage amounted to $590, which was less than 20% of the assessed valuation or $1,700.

On November 22, 1948, the commission held a hearing, which resulted in an order of denial on January 22, 1949, on the ground that the petitioner had in fact paid less than required under the 20% provision of subdivision i of section U41-7.0 of the Administrative Code of the City of New York as enacted by Local Law No. 66 of 1947 of the City of New York (as amd. by Local

Laws, 1948, No. 12 of City of New York). The commission made an affirmative finding, however, in favor of the petitioner on the ground of "compelling necessity".

When it became apparent to the petitioner that the commission was going to deny the application made on November 22, 1948, the petitioner on November 30, 1948, paid to the second mortgagee the sum of $860, which together with previous amounts paid to him, totaled $1,010 and paid $150 to the first mortgagee. It is agreed that the petitioner has now invested $1,750 in the property.

Subsequent rehearings resulted in continued denials of the application, although the commission has conceded that a "compelling necessity" existed.

The commission bases its determination on the literal verbiage of the law requiring that in order to be entitled to evict a tenant a purchaser must have paid to the seller at least 20% of the purchase price or the assessed valuation, whichever is higher. But, what happens in a case such as this where compliance is impossible because the seller's equity is less than 20%? Was it intended that such property be impossible of sale to persons seeking homes?

Argument that the petitioner could have paid $1,700 (20% of the assessed valuation) to the seller under an agreement that the seller was to use the difference between his equity and the $1,700 in reduction of the mortgage debt is unconvincing because it could be that the mortgagees might refuse to accept prepayment of the mortgage debt.

While the court considers the payments by this petitioner to the mortgagees to have been unnecessary for compliance with the law, good faith has been shown by the petitioner in making those payments. He reached the same result as would have been reached had he paid the entire amount to the seller on the seller's agreement to reduce the mortgage debt.

In *Matter of Brown* v. *Finkelstein* (275 App. Div. 772) cited by the commission, the payments to the mortgagee were not made in the same manner as in this case but over a period of more than two years; the case involved construction of an agreement between a purchaser of title in 1946 and one with whom a separate agreement had been drawn by said purchaser for co-ownership not disclosed at the time of purchase. Nothing in the decision indicates that the equity of the seller was less than 20%.

In *Matter of O'Rourke* v. *Finkelstein* (N. Y. L. J., March 7, 1949, p. 831, col. 7), also cited by the commission, the facts were not similar to those in this case. There the payment was cancel-

lation of a previously existing indebtedness and the court ruled that such payment did not constitute payment under the provisions of Local Law No. 66, as amended.

No case has been cited similar to this instant proceeding. The statute, having been enacted to restrict the common-law rights of owners of real property in their use and enjoyment thereof, must be construed and interpreted in the light of its intended purposes. No provision having been made for a case such as this one, the commission cannot itself interpret the 20% provision in a manner not expressly provided for. It cannot be construed to reach unnatural results, such as has been done in this case. When the equity of the seller is less than 20%, compliance with the statute is shown by payment of the entire equity to the seller and payment of the balance to the mortgagees.

The motion is accordingly granted and the commission is directed to issue an order of eviction. Settle order on notice.